NUMBER 13-08-00321-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ERIC ALLEN GERLAND, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 107th District Court of

Cameron County, Texas.

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Chief Justice Valdez


 On January 27, 2007, appellant, Eric Allen Gerland, was indicted on one count of
murder, a first-degree felony. See Tex. Penal Code Ann. § 19.02(b)(1), (2) (Vernon 2003). 
The indictment alleged that Gerland (1) intentionally or knowingly caused Cathy Jill
Vanderhee's death by striking her head against a metal vent or an unknown object; or (2)
with intent to cause serious bodily injury, committed an act clearly dangerous to
Vanderhee's life by striking her head against a metal vent or an unknown object, which
caused Vanderhee's death. Gerland pleaded not guilty, and the case was tried to a jury. 
The jury found Gerland guilty and assessed punishment at forty-five years' confinement. 
The trial court entered a judgment of conviction and sentenced Gerland according to the
jury's verdict. Gerland's court-appointed appellate counsel has filed an Anders brief. We
affirm.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Gerland's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable grounds
to be advanced on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Gerland's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the brief and counsel's motion to withdraw on Gerland, and (3) informed Gerland
of his right to review the record and to file a pro se response within thirty days. (1) See
Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252
S.W.3d at 409 n.23. Gerland has filed a pro se response in which he argues that: (1) he
was subject to "multiplicitous prosecution" because the jury was instructed on the two
theories of murder contained in the single count indictment; (2) the evidence is insufficient
to support his conviction; and (3) he was afforded ineffective assistance of trial counsel. 
See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record, counsel's brief, Gerland's pro se
response, and the State's brief, and we have found nothing that would arguably support
an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due
to the nature of Anders briefs, by indicating in the opinion that it considered the issues
raised in the briefs and reviewed the record for reversible error but found none, the court
of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); Stafford, 813
S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Gerland's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's
motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered
to send a copy of the opinion and judgment to Gerland and to advise him of his right to file
a petition for discretionary review. (2) See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 


 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed 

the 3rd day of December, 2009. 
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.